Weygandt, C. J.
The defendant contends that this action is based on the theory of nuisance under favor of Section 3714, General Code, and that the action is abated under the provisions of amended Section 11397, General Code, inasmuch as the original plaintiff is deceased.
The language of the latter section is as follows:
“Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party. ’ ’
The defendant relies, too, on the decision of this court in the case of Village of Cardington v. Admr. of Fredericks, 46 Ohio St., 442, 21 N. E., 766, the syllabus of which reads as follows:
“An action against an incorporated village founded upon a petition alleging in substance that a street much used by the citizens and the public, was so un *551 skillfully and negligently constructed and left by the defendant as to be in an unsafe and dangerous condition, and allowed to become out of repair and obstructed by the rubbish and refuse of the village, so that it was highly dangerous, and that the plaintiff, while lawfully passing along the street, accidentally and without fault or negligence on her part, was precipitated down an embankment, whereby she was greatly bruised and injured, for which damages she asks judgment, is an action ‘for a nuisance’ within the meaning of Section 5144, Revised Statutes, and abates at the death of the party injured.’’
However, the plaintiff suggests several answers to the defendant’s contentions. She insists that the Cardington case, supra, is easily distinguishable on the facts. And, of even greater importance, she pertinently observes that this and cognate statutes have been amended twice since the decision in the Cardington case. This was then Section 5144, Revised Statutes. As enacted in 1853, it was not, as now, prefaced with the important phrase that “unless otherwise provided” certain actions shall abate. Somewhat similar language was added in 1878. Further changes were made in 1893. Then in 1910 the present phraseology was enacted as Section 11397, General Code.
Is it “otherwise provided?”
Amended Section 11235, General Code, now reads:
“In addition to the causes which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.”
In the former statute the words “injuries to the person” did not appear — obviously a very important difference.
*552 Furthermore, amended Section 11401, G-eneral Code, now reads:
“If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may loe revived, and proceed in the name of such representatives or successors.”
Under the provisions of these amended statutes it is apparent that “causes of action for * * * injuries to the person * * * shall * * * survive * * * the death of the person entitled * * * thereto, ’ ’ and such ‘ ‘ action may be revived * * * in the name of such representatives or successors.” Thus it is “otherwise provided,” and hence it is immaterial whether the instant action is based on nuisance.
The defendant relies on the later decision of this court in the case of Darby, Admr., v. City of Cincinnati, 80 Ohio St., 733, 89 N. E., 1119, in which there was merely an affirmance without an opinion. It may have been based on the decision in the Cardington case and is overruled.
The Court of Appeals was not in error in ordering the trial court to overrule the demurrer to the plaintiff’s amended petition.

Judgment affirmed,.

Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.